JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

  150 Almaden Blvd., Suite 900
  San Jose, California 95113
  Telephone: (408) 535-5082
  FAX: (408) 535-5081
  Claire.Cormier@usdoj.gov

Specially appearing for Defendant
Henry M. Paulson, Jr.,
Secretary, Department of the Treasury

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sado Labtis,<br><br>    Plaintiff,<br><br>v.<br><br>Henry M. Paulson, Jr., Secretary, Department of the Treasury,<br><br>    Defendant. | Case No. C 07-3333 RS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>DATE: May 28, 2008<br>TIME: 9:30 a.m.<br>COURTROOM 4, 5th Floor<br>Honorable Richard Seeborg |

**NOTICE OF MOTION**

TO PLAINTIFF: PLEASE TAKE NOTICE that on Wednesday, May 28, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 4, 5th Floor, 280 South First Street, San Jose, California, the Hon. Richard Seeborg presiding, defendant Henry M. Paulson, Jr., in his capacity as the Secretary of the Department of Treasury, by and through his attorney, Joseph P. Russoniello, United States Attorney, will appear and move the Court, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all claims asserted against him under various common law theories and the Americans With Disabilities Act, and also for an order striking plaintiff's prayer for punitive damages.

**Case No. C07-3333 RS**
**MOTION TO DISMISS**       1

Pursuant to Civil Local Rule 7-3, plaintiff's opposition or statement of nonopposition must be served and filed no later than 21 days before the hearing date. If plaintiff serves the opposition by mail, it must be mailed three days before the due date, pursuant to Civil Local Rule 5-5.

**RELIEF SOUGHT BY DEFENDANT**

Defendant Henry M. Paulson, Jr., moves for dismissal with prejudice of any claims asserted against him by plaintiff under various common law theories, including breach of contract, negligence, defamation, and fraud and deceit – intentional misrepresentation, as well as the claim under the Americans With Disabilities Act. Defendant also requests that the Court strike plaintiff's request for punitive damages. Finally, defendant requests the Court to issue an order requiring plaintiff to file an amended complaint for her employment discrimination claims only, and that such a complaint comply with Rules 8(a), 8(e) and 10(b) of the Federal Rules of Civil Procedure and Civil Local Rule 10-1.

**ISSUES TO BE DETERMINED**

1. Whether the Secretary of the Treasury may be sued under various common law theories in an action alleging discrimination in federal employment.

2. Whether the Secretary of the Treasury may be sued under the Americans With Disabilities Act.

3. Whether plaintiff may seek punitive damages against the federal defendant.

4. Whether plaintiff should be given leave to amend, and, if so, whether she should be required to comply with Rules 8(a), 8(e), and 10(b) of the Federal Rules of Civil Procedure.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION

Though plaintiff's lengthy complaint and "addendum" are not entirely clear, it appears that plaintiff is alleging the following claims: employment discrimination under Title VII of the Civil Rights Act of 1964, breach of contract, negligence, defamation, a claim under the Americans With Disabilities Act, and a claim for fraud and deceit – intentional misrepresentation. Because defendant understands plaintiff's complaint and addendum as

attempting to bring these stated claims, defendant has addressed those six claims in this motion. Should plaintiff be allowed to amend the complaint, or clarify that the complaint or addendum was intended to state other claims, defendant reserves the right to assert relevant arguments and defenses.

While, from the face of the complaint, it appears that plaintiff complied with the statutory prerequisites for an employment discrimination claim under Title VII[1], plaintiff should be required to amend her complaint so that it makes a "short and plain" statement regarding the basis for jurisdiction and that each averment in the complaint should be "simple, concise and direct" as required by Rule 8 of the Federal Rules of Civil Procedure. Additionally, plaintiff should be required to state any allegations in numbered paragraphs, as required by Rule 10(b).

The Court should dismiss the balance of plaintiff's claims with prejudice because the federal government has not waived sovereign immunity with respect to plaintiff's common law claims and/or plaintiff has not alleged compliance with the statutory prerequisites for such claims. Finally, because the Americans With Disabilities Act does not apply to federal employers, that claim should be dismissed with prejudice.

## II.    STATEMENT OF FACTS[2]

Plaintiff alleges that she was hired by the Internal Revenue Service as a Tax Specialist on or about October 15, 2002. In June of 2003, she was injured at work. Complaint page 3 of 9. Around the same time, she received an unsuccessful performance review. Complaint page 6 of 9. On September 19, 2003, while on medical leave due to her work-related injury, she was terminated. Complaint page 6 of 9. Plaintiff's complaint and "Addendum to Initial Complaint" include allegations of various types of employment discrimination as well as tort and contract

---

[1] Defendant does not concede that plaintiff can prevail on such a claim, but only that such a claim may survive a motion to dismiss.

[2] The "facts" presented in this motion are based in large part on plaintiff's allegations, and are presented only for purposes of this motion. Should this case proceed beyond this motion, defendant will present evidence disputing many of plaintiff's allegations. However, for purposes of this motion only, plaintiff's "facts" as stated herein may be treated as true. Because plaintiff's complaint and addendum do not consistently use numbered paragraphs to delineate the allegations, defendant will refer to page numbers as necessary.

Case No. C07-3333 RS
MOTION TO DISMISS                                3

claims, all relating to her employment with the IRS. The prayer for relief includes a request for punitive damages.

### III.  ARGUMENT

####   A.  Title VII is the exclusive remedy for plaintiff's discrimination claims.

In the context of claims stemming from alleged employment discrimination by the federal government, Title VII expressly limits plaintiff's remedies to those enumerated in the statute. *Brown v. General Services Administration,* 425 U.S. 820, 835 (1976). Where a federal employee asserts a claim under Title VII, that statute is exclusive of any other remedy against not only the federal government, but also against individual federal employees alleged to have participated in the discrimination. *White v. General Services Administration*, 652 F.2d 913, 916-17 (9th Cir. 1981). Because the purpose of Title VII was to create "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination," plaintiff may not "bootstrap" additional causes of action onto her Title VII complaint. *Brown v. General Services Administration,* 425 U.S. at 829. "A federal employee cannot assert an extra-statutory damages claim for violations arising out of the employment context where an adequate statutory procedure exists for dealing with such claims. *Williams v. General Servs. Admin.*, 908 F.2d 308, 311 (9th Cir. 1990).

As Ms. Labtis' complaint is based upon alleged employment actions taken against her by employees of the IRS, which actions Ms. Labtis alleges were taken due to her race or color, sex, and national origin, Title VII is the exclusive remedy available to her. She cannot bring tort or contract claims in this context.

####   B.  Plaintiff has not exhausted administrative remedies for tort claims.

Even if plaintiff's tort claims were not barred by the exclusiveness of Title VII, she could not pursue such claims here because she fails to allege compliance with the requirements for exhaustion of administrative remedies for such claims. Accordingly, the Court has no subject matter jurisdiction over such claims.

The doctrine of sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976).

The Federal Tort Claims Act ("FTCA") (28 U.S.C. sections 2671, *et seq.*) waives the United States' immunity for certain torts. For persons injured as a result of the negligent or wrongful act or omission of a federal employee acting within the scope of her employment, the remedies under the FTCA are "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter. . . ." 28 U.S.C. § 2679(b)(1).

Tort claims relating to acts of federal employees allegedly taken in the course and scope of their employment may be brought only against the United States of America. 28 U.S.C. §2679(a), (b) and (d); *see also United States v. Smith*, 499 U.S. 161, 163 (1991). Federal employees have broad immunity from suit under state tort law. *Id.*

An action under the Federal Tort Claims Act requires that the plaintiff first exhaust her administrative remedies. 28 U.S.C. § 2675(a) provides in pertinent part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . .

28 U.S.C. § 2675(a). "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722 , 723 (9th Cir. 1985).

"Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions." *Jerves v. U.S.*, 966 F.2d 517, 521 (9th Cir. 1992). Where a plaintiff has not exhausted the administrative claims procedure required under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106 (1993). "28 U.S.C. § 2675(a) specifies that a suit may not be instituted against the United States unless it is first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution. This claim requirement is jurisdictional in nature and may not be waived." *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986).

Plaintiff makes no allegation that she submitted an administrative tort claim to the IRS, the Department of the Treasury, or any other federal agency or department, as required by the

Federal Tort Claims Act. Accordingly, the Court has no subject matter jurisdiction over any state law tort claims against the Federal Defendant.

### C. Sovereign immunity bars plaintiff's intentional tort claims.

Finally, Congress has not waived sovereign immunity for all state law torts. Plaintiff alleges claims for Defamation and Fraud and Deceit – Intentional Misrepresentation. There is no subject matter jurisdiction for such a claim against the United States. While the FTCA is the exclusive means of suing for torts committed by federal employees acting in the scope of their employment, it still does not allow for suit based on most intentional torts. With certain limited exceptions that do not apply here, the FTCA does not allow claims "arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. §2680(h). Therefore, even if Title VII did not preempt such claims, and even if plaintiff had exhausted her administrative remedies, the claims of defamation, and fraud and deceit – intentional misrepresentation cannot survive due to lack of subject matter jurisdiction.

### D. Plaintiff cannot bring a breach of contract claim in this context.

Plaintiff's contract-related claim must fail because there was no contract here. It appears that the contract allegedly at issue was plaintiff's federal employment. With certain limited exceptions, federal employment is not based on contract. "Civil Service employees hold their positions by appointment, not contract." *Collier v. United States*, 379 F.3d 1330, 1331 (Fed. Cir. 2004). *See also Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985) ("Absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationships with the government."). The Ninth Circuit agrees that "federal employees serve by appointment, not by contract." *Riplinger v. United States*, 695 F.2d 1163, 1164 (9th Cir. 1983). In *Riplinger*, the Ninth Circuit stated that "[t]hough the distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service." *Id.*

With no employment contract, there can be no breach of contract. That claim must be dismissed with prejudice for failure to state a claim.

**E.    The ADA does not apply to federal employers.**

Because a federal employee's right to be free from discrimination in the federal workplace based on disability is provided by Section 501 of the Rehabilitation Act, codified at 29 U.S.C. §791, not the Americans With Disabilities Act, plaintiff's ADA claim should be dismissed. *See Boyd v. U. S. Postal Service*, 752 F.2d 410, 413-414 (9th Cir. 1985). The United States is explicitly excluded from the definition of "Employer" in the Americans With Disabilities Act. 42 U.S.C. §12111(5). Accordingly, plaintiff's claim under the ADA fails to state a claim upon which relief may be granted.[3]

**F.    Punitive damages are not allowed**

As provided in 42 U.S.C. §1981a(b)(1), punitive damages are not available against federal government defendants. Plaintiff's prayer for such damages should be stricken.

**G.    Plaintiff should be required to file an amended complaint that complies with the Federal Rules of Civil Procedure and local rules.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations in a complaint must be "simple, concise, and direct." Fed.R.Civ.P. Rule 8(d). Rule 10(b) requires that claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Finally, Civil Local Rule 10-1 states that amended pleadings must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.

Plaintiff's "Addendum" incorporates the original complaint by reference, which is not permitted. *See* footnote at bottom of page 1 of Addendum. Though some portions of the complaint and addendum have numbered paragraphs, it is not consistent, and some of the paragraphs are extremely lengthy.

---

[3] Defendant contends that plaintiff did not timely contact an EEO counselor with regard to her claims of disability discrimination, but such a determination is not necessary to this motion.

Case No. C07-3333 RS
**MOTION TO DISMISS**            7

Accordingly, defendant requests that plaintiff's complaint and "addendum" be dismissed with leave to amend. Plaintiff's amended complaint should be complete (*see* Civil L.R. 10-1), but should be as "short and plain" and "simple, concise, and direct" as possible, and should be written in numbered paragraphs so that the Court and the parties will more easily be able to reference portions of it. The amended complaint should be limited to plaintiff's claims of employment discrimination under Title VII.

## IV. CONCLUSION

Because Title VII provides the exclusive remedy for discrimination in federal employment, any claims asserted by plaintiff under common law theories, including torts and contracts, must be dismissed. The plaintiff is limited to her claim of discrimination under Title VII. Her claim under the ADA also must be dismissed. Finally, because punitive damages are not available in a Title VII action against a federal employer, that prayer for relief should be stricken.

Respectfully submitted,

DATED: April 14, 2008

JOSEPH P. RUSSONIELLO  
United States Attorney

/s/ Claire T. Cormier

_____  
CLAIRE T. CORMIER  
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    **PERSONAL SERVICE (BY MESSENGER)**

____    **FACSIMILE (FAX)**  Telephone No.:_____

√    **ELECTRONIC MAIL** to MarilynSL@aol.com

to the party addressed as follows:

Sado Labtis
P. O. Box 2736
Cupertino, CA 95015

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of April, 2008, at San Jose, California.

/s/ Claire T. Cormier
_____
Claire T. Cormier

**Case No. C07-3333 RS**
**MOTION TO DISMISS**           9