UNITED STATES DISTRICT COURT **FILED**

NORTHERN DISTRICT OF CALIFORNIA MAY 28 P 3: 46

SAN JOSE DIVISION

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA/S.J.

|  |  |
|---|---|
| Sado Labtis, | ) Case No. 07-3333 RS |
| | ) |
| | ) **PLAINTIFF'S NOTICE OF MOTION** |
| | ) **AND MOTION IN OPPOSITION OF** |
| | ) **DEFENDANT'S MOTION TO DISMISS** |
| Plaintiff, | ) |
| | ) Date: June 18, 2008 |
| v. | ) Time: 9:30 a.m. |
| | ) COURTROOM 4, 5th Floor |
| Henry M Paulson, Jr., Secretary, | ) Honorable Richard Seeborg |
| Department of the Treasury, | ) |
| | ) |
| Defendant. | |

## NOTICE OF MOTION

TO DEFENDANT: PLEASE TAKE NOTICE that on Wednesday, June 18, 2008, at 9:30a.m., or as soon thereafter as the matter may be heard in Courtroom 4, 5th Floor, 280 South First Street, San Jose, California, the Hon. Richard Seeborg presiding, plaintiff will appear and move the court , pursuant to Rule 12(b)(1), 12(b)(6), 12(c) and 12(d) of the Federal Rules of Civil Procedure, for an order opposing dismissal of part of the claims asserted against defendant which includes intentional discrimination under Title VII, the ADA or #501 of the Rehabilitation Act. And also for an order asserting plaintiff's prayer for remedies and compensatory damages as outlined in the original Addendum, absent punitive damages as deemed appropriate within the law. Defendant's motion for dismissal should be denied.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure:

1) Jurisdiction of this Court is invoked pursuant to 28 USCA 451,1331,1337,1343 and 1345. This action is authorized and instituted pursuant to #501 of the Rehabilitation Act, 42 USCA 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USCA 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 USCA 1981a.

The employment practices hereafter alleged to be unlawful, Venue in the Northern District of California is proper in that some, if not all, of the wrongful acts alleged herein occurred within the County of Santa Clara.

2) Title VII of the Civil Rights Act of 1964, 42 USC Sec.2000e, et seq., bars discrimination on the basis of race, color, national origin, sex and religion in the hiring, firing and terms and conditions of employment. Further, the Civil Rights Act of 1991 authorizes for compensatory damages that vary with the size of the employer, when the alleged discrimination was the intentional violation under #501 of the Rehabilitation Act or an intentional failure to provide a reasonable accommodation to disability as required by the regulations implementing #501. Plaintiff is entitled to relief as justified by the arguments and circumstances presented herein. The primary reason of entitlement to relief is the fact that Plaintiff was retaliated against for complaining about discrimination, requesting a reasonable accommodation for disabling condition which was denied, filing a charge with a government agency and plaintiff was subjected to an adverse employment action with the termination on 9/19/2003.

3) A demand for relief is sought as stated in the Prayer for Relief previously outlined in the original complaint and addendum 8/17/07.

## RELIEF SOUGHT BY PLAINTIFF

Plaintiff Sado Labtis, moves in opposition to dismissal of any applicable claims asserted that demonstrates violation within the full extent of the law, including Prayer for relief essential under Title VII remedies as outlined in page 4 and page 10 of the Addendum dated 8/18/2007, as well as required Federal Agency compliance in line with Federal Civil Rights Act, Rehabilitation Act Section 501 in line with the claim under the Americans With Disabilities Act. Finally, Plaintiff requests the Court to order Defendants to provide for remedies including compensatory damages applicable within the full extent of the law and required reinstatement and payment of all back wages, including retirement benefits, promotion, paid vacation and paid illness hours, including Health Benefits/1, which is crucial to the healing of the Federal Compensable injury sustained by the plaintiff that resulted in a permanent disabling condition, Musculoskeletal Conditions, specifically referred to as low-back disc herniation, Ex I, Ex Ia, Ex Ib and Ex 4(Addendum to Complaint) by Dr Satish Sharma, Occupational Health, Kaiser and Dr. Emeka NchaKwube.

Demand for relief should be paid as reflected in the Prayer for relief from original complaint and addendum including the payment of the cost avoidance information outlined in the job offer reinstatement letter from the IRS Chief, Workers' Compensation Center in Washington D.C. for the amount of $453,445.00

1) According to Kaiser Hospital (treating health provider for Plaintiff's pre-existing condition, Federal compensable low back disc herniation ), health benefits can only be restored by reinstatement to a Federal job. Pre-existing condition may result in disqualification to any other Health Coverage including Kaiser.

## ISSUES TO BE DETERMINED

1 . To determine the extent of violation under the Americans With Disabilities Act, specifically under Rehabilition Act, Title I, Sections 501 that sets forth the provisions relating to employment of persons with physical disabling condition limiting life's major activity.

2. To determine whether the Secretary of the Treasury may be sued under various common law theories in an action alleging discrimination in federal employment.

3. Whether plaintiff may seek punitive damages against the federal defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

The Court should not dismiss plaintiff's claims under Americans With Disabilities Act but rather determine the application of the law specifically under #501 of the Rehabilitation Act which is aimed at preventing agencies of the federal government from discriminating against employees with disabling condition. This relates to Agency's failure to provide reasonable accommodation for disabling condition which has resulted in Federal Compensable Injury with permanent impairment.

The cold facts of this case include the theory of discrimination under Title VII of the Civil Rights Act of 1964 with covered entities, i.e. the Rehabilitation Act, the Americans with Disabilities act, specifically #501 Rehabilitation Act. Included is the issue of discrimination on failure to accommodate leading to hostility in work environment including racial segregation, retaliation and adverse employment action.

Statement of Complaints:

I) Retaliation – Section 704(a) of Title VII prohibits discrimination against individuals because they have filed a Title VII charge, have participated in a Title VII investigation, or have otherwise opposed Title VII discrimination. Commission Decision No. 72-1883, CCH EEOC Decisions (1973) #6375. Section 704(a) discrimination is discussed in detail in #614 of the Compliance Manual. Further, the violation of the Civil Rights Act of 1991 under Title VII in this case, as a remedy for workplace discrimination, harassment, and retaliation by the Agency and its employees.

Plaintiff's case entails a work situation where retaliation occurred as a direct result of Title VII complaints for discrimination in failure to accommodate a disabling condition.

Denial of reasonable accommodation, resulted in a Federal Compensable Injury which was accepted and compensated under the U.S. Department of Labor. Plaintiff reported timely all these Title VII issues in discrimination for failure to accommodate within federal guidelines. Agency staff and management, while being fully aware, Ex II, Ex 3 (Addendum 8/17/07) reacted with hostility to the facts presented. This involves negligence to provide interactive communication with the plaintiff, to resolve

discriminatory avoidance to provide reasonable accommodation . This reasonable accommodation sought did not in any way interfere with the crucial elements of the job nor cause significant hardship to the department. Adverse employment action followed thereafter while out on a Medical Leave for Federal Compensable Injury. It is important to note that plaintiff is a qualified individual for the key function of the job, Ex 1-7 (Initial Complaint 6/25/07, see attached Ex III and Ex IV. Pretextual performance report from the Agency must be stricken from the record.

II    Title VII Violation of the Civil Rights Act of 1964 that bans employment discrimination by employers affecting commerce, on the basis of race, color, religion, sex, or national origin in conditions of employment and dismissal. As a result of failure to accommodate, it   resulted in  hostile work environment  including racial segregation, Title VII prohibition against race discrimination which involved physically isolating the plaintiff based on her race as Filipino, when plaintiff was told that" because she was Filipino, she was only allowed to do educational outreach in a Filipino community and that is where she can only be good at". Further, plaintiff suffered hostile treatment as an employee and discrimination based on disabling condition with the  adverse termination on 9/19/2003, Ex 3(Addendum 8/17/07). Please note  reports made to EEO Counselor, Sherita Jackson and EEO  Manager, Gerald Stringer  took place  before the effective date of adverse adverse termination.

Plaintiff has attempted to make amendments to the complaint so that it makes a "short and plain' statement regarding the basis for jurisdiction and in compliance to Rule 8 of the Federal Rules of Civil Procedure. Additionally, plaintiff has stated allegations in numbered paragraphs as required by Rule 10(b).

## II. STATEMENT OF FACTS

Plaintiff was hired on 10/15/02 with the understanding that the position will entail educational outreach, IF/$_{1,pg1}$. There was no disclosure on any function of heavy lifting of boxes, pg3 line 72.

Plaintiff requested reasonable accommodation to limit lifting when repetitive manual tasks of heavy lifting was assigned beyond 25 lbs, IF,pg2. This reasonable request was denied, IF line 52. Further, there was never any interactive communication with the plaintiff to determine what the agency can provide in terms of remedial action, IF, line 49, IF line 186. Legal and medical documentation that was offered for admission was never taken into consideration, IF line 34, 1st paragraph, IF Line 17,pg 1.

During the course of plaintiff's employment ,hostility, discrimination by race and retaliation in the workplace followed which prompted discriminatory reports made as reflected in the plaintiff's affidavit, Ex I of original pleading . There was no remedial action which resulted in federal compensable injury, discrimination for failure to accommodate low back disc herniation despite documented medical reports, Ex I, Ex Ia, Ex Ib.

IF ( Investigative File, Plaintiff's Affidavit, Exhibit to Initial Complaint filed 6/25/2007

1    Adverse action of termination followed thereafter, IF pg 2, last paragraph.

2

3

4    Plaintiff sustained federal compensable injury in June 2003 as a result of failure to

5    accommodate on the part of Agency Management, IF, pg2. The injury occurred

6    BEFORE pretextual performance report was issued to the plaintiff. Further report of

7    discrimination was documented within required federal guidelines, Ex 3, Addendum

8    8/17/07.

9

10

11   The fact of the matter is that there was no performance issue. The plaintiff delivered

12   results for the key function of the job, Ex 1-7(Initial Complaint), Ex III and Ex IV.

13

14

III  **ARGUMENT**

15

16   A.   Title VII violation reflects plaintiff's discrimination claims.

17   I DISCRIMINATION UNDER TITLE VII

18       A. Prima Facie Case of employment discrimination – The test is satisfied which

19          demonstrates as follows: 1) plaintiff's engagement in a protected activity; 2)

20          the employer's knowledge of that activity Ex II and Ex 3 of Addendum dated

21          8/17/07, 3) the employer's antipathy toward it, Ruth Boring, former IRS

22          employee witnessed hostility and shouting at the plaintiff by a member of San

23          Jose IRS Management team; 4) and a causal link between the antipathy and

24          the adverse employment action - David Dean, President of the Union referred

25          Plaintiff to EEO Manager in reference to protected activity and hostility

26          witnessed by IRS employees including Carlos Camino, one of the Acting

27

28

Managers within the department;  shortly thereafter, adverse action followed with the termination.

a) Plaintiff is a member of a protected class/1.

b) Plaintiff is qualified/1 for the job  and she performed the job satisfactorily

c) Adverse action was taken against plaintiff with a pretextual performance evaluation with subsequent termination on 9/19/2003 after the plaintiff had taken action to report discrimination charges. d) Causal link existed.

B. Evidence of discrimination after the plaintiff was terminated, and the position requirements reflected exactly what the plaintiff had demonstrated and performed satisfactorily as confirmed .Ex 1-7(Initial Complaint ) Ex III and Ex IV reflects primary function for the Tax Specialist position which was successfully delivered in performance by the plaintiff. Clearly, these exhibits cast significant doubt on the Agency's evidence of unsatisfactory performance as legitimate reason for adverse action. Agency did not have a legitimate reason to terminate employment contract. In fact, the letter from the Chief of IRS Workers Compensation Center issued reinstatement for plaintiff. The following reasons prove there was no legitimate justification for the termination while the plaintiff was on Medical Leave.

1) Employee never violated any rules. Plaintiff repeatedly requested for any written evidence to counter this point, but so far the Agency has failed to provide any evidence of violation.

---

1)    Mcdonnell Douglas test ( Mcdonnell Douglas Corp. v. Green. 411 U.S. 792 (1973)

2) It is undisputed that the plaintiff is qualified for the position and that productive results were achieved for the position Ex 1-7,original complaint, Ex II and III. In fact the acting Manager, Louise Seibel had issued an e-mail to plaintiff to prove this point. Requirements for the position reflected plaintiffs accomplishments. Further, Dr Sharma and Orthopedic Surgeon, Dr Nchekwube both issued medical certification to show that plaintiff was able to work.

3) There was never an indication of any staff reduction for the department. In fact, in the last meeting with the Senior Management team, there was indication of additional manpower and expansion for the department. Further, it is undisputed that there was time to complete the probationary period.

C. Employer's reason was a"pretext",the employer had another unlawful reason for its adverse action, this was demonstrated with racist comments by employer, IF pg 8,line 208 and different treatment of other similarly situated people, Filipino Tax Specialist, Rica Kunihiro, disparity of treatment with manual tasks primarily assigned similar to Plaintiffs experience which unfortunately resulted in federal compensable injury.

Further, manual task of heavy lifting was never disclosed in the employment terms and conditions which proves violation and lack of compliance on the part of the Agency. The agency's proffered explanation of performance is pretextual - that is a sham invented to hide the true motivating rationale, which is discriminatory/1

The plaintiff was treated unfairly by the agency in several occasions in the past. Therefore, there is absolute doubt that agency's management had legitimate nondiscriminatory reasons such that fact-finder holds discriminatory motives more likely than not motivated defendant's actions.

D. The agency has never satisfied in any form the burden of production in terms of legitimate reasons except the intent to retaliate and discriminate. After repetitive request to provide evidence of any violation of procedures or even written warning on poor performance to justify unsuccessful performace, agency failed in this regard.

---

( 1 )Texas Dep't of Community Affairs v. Burdine. 450 U.S. 248, 255 (1981). See Suggs v. Service Master Education Food Management, 72 F.3d 1228 (6th Cir. 1996) (Affirming decision that the proffered reasons for termination were pretextual. The plaintiff had superior qualifications compared to other workers retained.

**ARGUMENTS CONTINUED**

Case No 07-3333 RS
Motion In Opposition To Dismiss
11

**ARGUMENTS CONTINUED**

E.Although the ADA  does not cover the federal government, federal employees

remain covered by Section 501 of the Rehabilitation Act.


Title VII bars discrimination by the federal government, but through language and

enforcement mechanisms somewhat different from the mechanisms used against

private employers and state and local governmental entities.

F.  Sovereign immunity should not bar plaintiffs intentional tort claims.


Actions for damages for fraud and deceit. An essential element in this action is

actual damage caused by the misrepresentation. If fraud did not cause any actual

loss to the plaintiff ,she has no basis of recovery under this theory.  However,

difficulty in obtaining employment or business in self-employment  as a result of

humiliation and defamation has accumulated monetary damages including loss of

equity in personal property .In this respect consideration should be taken into

account in granting compensatory damages including loss of wages or income.


G. Plaintiffs basis to bring a breach of contract claim was based on correspondence

sent by Agency management to Kaiser Occupational Doctor Sharma, where a

commitment to reinstate plaintiff to her position as Tax Specialist was made.

However, this was never implemented.

1

2     Plaintiff has exhausted administrative remedies for tort claims in prior EEO

3   complaints and request for remedial action. The case was remanded by EEOC for

4   investigation. In the final analysis, it was stated that complaint on employment

5

6   discrimination was timely and it was within federal guidelines. It was also

7   mentioned in the report that the issuance of final dismissal of the case, without the

8   presence of witnesses to testify and resolve differences in opinion was not

9   appropriate.

10

11

12

13   **CONCLUSION:**

14

15     Therefore, the plaintiff should be awarded compensatory damages, because the

16   discrimination was the intentional violation under #501 of the Rehabilitation Act or an

17   intentional failure to provide a reasonable accommodation to disabling condition as

18   required by the regulation implementing #501. Further under Title VII as a remedy for

19   workplace discrimination, hostility and retaliation, plaintiff should be paid all wages,

20   all benefits and forms of compensation lost as a result of the discrimination. The court

21   should also consider the employer to pay front pay—compensation for future earnings

22   lost, employee's court costs and legal fees.

23

24

25

26                              Respectfully Submitted,

27                              M. Sado Labtis

28

Case No 07-3333 RS
Motion In Opposition To Dismiss
13

**CERTIFICATE OF SERVICE**
I certify that the attached document : Motion To Oppose Defendant's Motion To Dismiss  was  sent
by mail to  the district office in which the action is brought  and as follows unless otherwise
indicated below.

U.S. District  Court
Northern District  of California
280 South 1ˢᵗ Street, Room 2112
San Jose, CA  95113

Henry M. Paulson Jr.
Secretary
Department of the Treasury
1500 Pennsylvania Avenue NW
Washington D. C. 20220

Attorney General Michael Mucasey
U.S. Attorney General's Office
950 Pennsylvania Avenue NW
Washington D.C. 20530-0001

Claire  T. Cormier
Assistant United States Attorney
U. S.  Department of Justice
Northern District of California
150  Almaden  Blvd.
Suite 900
San Jose, CA 95113-2009

Via  E-Mail

May 24, 2008

_____

M. Pumphrey

Ex I

Employment Standards Administration
Office of Workers' Compensation Programs

**Record of Examination**

| | | | | OMB No. 1215-0103 Expires: 10-31-99 |
|---|---|---|---|---|
| 1. Patient's name  Last  LABTIS | First  MARILYN | Middle  SADD | 2. Date of Injury mo. day yr.  6-25-03 | 3. OWCP File Number  6976534 |

4. What history of injury (including disease) did patient give you?
INJURED HER LOWER BACK WHEN BENT DOWN TO PICK UP A LAPTOP

5. Is there any history or evidence of concurrent or pre-existing injury or disease or physical impairment?
[ ] Yes  [X] No                    ICD-9 Code

6. What are your findings? (include results of X-Rays, laboratory reports, etc.)
Tenderness Lumbar spine
Decreased range of motion of Lumbar spine

7. What is your diagnosis?
Low back strain - muscle spasm

8. Do you believe the condition found was caused or aggravated by an employment activity? (Please explain answer)
[X] Yes  [ ] No

9. Did injury require hospitalization? If no, go to item #13  [ ] Yes  [X] No
10. Date of admission  mo. day yr.
11. Date of discharge  mo. day yr.
12. Additional Hospitalization required If Yes, describe in "Remarks" (Item 25) [ ] Yes [ ] No

13. What treatment did you provide?  ANALGESICS PT

14. Date of first examination  mo. day yr.  6 23 03
15. Date(s) of treatment  mo. day yr.  7 1 03   mo. day yr.  7 8 03   mo. day yr.  7 30 03
16. Date of discharge from treatment  mo. day yr.

17. Period of total disability  From  mo. day yr.  6 23 03  Thru  mo. day yr.  8 15 03  Present
18. Period of Partial Disability  From  mo. day yr.  Thru  mo. day yr.
19. Date employee able to resume light work  mo. day yr.  Pub  10 1 03

20. Date employee is able to resume regular work  mo. day yr.  13 30 03  WB
21. Has employee been advised that he/she can return to work?  [ ] Yes  [X] No
22. If yes, on what date was he/she advised?  mo. day yr.  N/A

23. If employee is able to resume only light work, indicate the extent of physical limitations and the type of work that could reasonably be performed with these limitations. (Continue in item #25 if necessary.)  N/A
24. Are any permanent effects expected as a result of this injury? If yes, describe in item #25.  [ ] Yes  [X] No

25. Remarks
Has persistent low back pain under Tx with PT

26. If you have referred the employee to another physician provide the following:
Name
Address  N/A
City            State            ZIP
Specialty
27. What was the reason for this referral?
[ ] Consultation  [ ] Treatment

**Signature**
28. I certify that the statements in response to the questions asked above are true, complete and correct to the best of my knowledge. Further, I understand that any false or misleading statement or any misrepresentation or concealment of material fact which is knowingly made may subject me to felony criminal prosecution.
Signature of Physician _____  Date  8.18.03

29. Name of Physician ... ......  ...... SHARMA, MD  ...AY, SUITE 565  ... 95119   ZIP
30. Tax ID Number
31. Do you specialize? [X] Yes [ ] No
32. If yes, indicate specialty  INT. MEDICINE

Form CA-20  Rev. Jan 1997

**KAISER PERMANENTE**

Satish K. Sharma, M.D.
Physician
Occupational Health

The Permanente Medical Group, Inc.
275 Hospital Parkway, Suite 565
San Jose, CA 95119
(408) 972-6811    Fax: (408) 972-6802

000006

## Marilyn Labtis **Duty Status Report**

**EMPLOYEE/PATIENT NAME:** _MARILYN LABTIS_
**SOCIAL SECURITY NUMBER:** _____
**DATE OF INJURY:** _6/23/03_

**TO DOCTOR:** This form is provided for the purpose of obtaining a brief interim medical statement concerning the employee's ability to return to full or limited duty. Light duty assignments are available upon notification of restrictions.

**DIAGNOSIS:** _Low back strain_

**STATUS:**
_____ Return to work on _____ **with no restrictions.**
_____ Return to work on _____ **with restrictions** reflected below.
_____ Restrictions remain in effect until _____
_OFF WORK TILL NEXT VISIT OF 8/25/03_

### RECOMMENDED WORK RESTRICTIONS

| Activity | Continuous | Intermittent | Hours Per Day | Special Instructions: Specifically define repetitive motion restrictions. |
|---|---|---|---|---|
| Lifting/Carrying: State Max. Wt. | #lbs. | #lbs. _1 Lap Try_ | | |
| Sitting | ✓ | | | |
| Standing | ✓ | | | |
| Walking | ✓ | | | |
| Climbing | ✓ | | | |
| Kneeling | ✓ | | | |
| Bending/Stopping | ✓ | | | |
| Twisting | ✓ | | | |
| Pulling/Pushing | ✓ | | | |
| Simple Grasping | | ✓ | | |
| Reaching Above Shoulder | | ✓ | | |
| Fine Manipulation (includes Keyboarding) | | ✓ | _1-2_ | |
| Other | | | | |

How many total hours per day can the employee work? _N/A_ Hours

Special Instructions: _(PHYSICAL THERAPY TREATMENT)_

Date of Examination: _7/31/03_

Physician's Signature: _____ Date: _8-5-13_

### CLEARLY PRINT THE FOLLOWING INFORMATION

Physician's Name: _SATISH K SHARMA_
Do you specialize? No _____ Yes _✓_ Specialty _INT. MED_
Physician's Mailing Address: 

SATISH K SHARMA, MD
275 HOSPITAL PARKWAY SUITE 565
SAN JOSE, CA 95119

Physician's Telephone Number: _408-972-6XXX_
Physician's Fax Number: _408-972-6X12_

000005

OCT 29 2003 3:24PM     RAVN MILLER RN                650-728-1729                                    P.2

ME -OW



**Work Capacity Evaluation**
**Musculoskeletal Conditions**

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

| Injured Worker's Name (First, middle, last) | OWCP No. | OMB No: | 1215-0103 |
|---|---|---|---|
| Labtis Marilyn | 132081874 | Expires: | 08-31-2002 |

Please answer the questions below concerning your patient (named above) for whom the Office of Workers' Compensation Programs (OWCP) has accepted the following conditions: **low back strain**

1. In many employing establishments, light duty can be made available.
   a. Is there any reason that this person cannot WORK for 8 hours per workday? If so, please provide medical reasons to support your opinion. **con'd pain / ® leg weakness**

   b. If less than 8 hours per workday, how many hours can he/she work? **4 h**
   c. Do you anticipate an increase in the number of hours this person will be able to work? ☒ Yes ☐ No
      If yes, when will this person achieve an 8 hour workday? _____
      If no, please provide medical reasons to support your opinion.

   d. How long will restrictions apply? **1 month**     e. Has MMI been reached? **no**

2. Please indicate whether this person has any LIMITATION in the activity listed and how many hours this person can perform each activity. If there are limitations in lifting, pulling and/or pushing, please provide the maximum number of pounds that can be handled by this person.

| Activity | Limitation | # of Hours Able to Work | Activity | Limitation | # of Hours Able to Work | Lbs. |
|---|---|---|---|---|---|---|
| Sitting *no prolnged* | ✓ Yes | 4 | Pushing | ✓ Yes | 0 | |
| Walking *pr'ly* | ✓ Yes | | Pulling | ✓ Yes | 0 | |
| Standing | ✓ Yes | 4 | Lifting | ✓ Yes | 4 | 5-10 |
| Reaching | ___ Yes | | Squatting | ___ Yes | | |
| Reaching above Shoulder | ___ Yes | | Kneeling | ___ Yes | | |
| Twisting | ___ Yes | | Climbing | ___ Yes | | |
| Operating a Motor Vehicle | ___ Yes | | Breaks- Duration | _____ | Frequency _____ | |
| Repetitive Movements: Wrists | ___ Yes | | Duration | _____ | Frequency _____ | |
| Elbow | ___ Yes | | | | | |

3. Are there OTHER medical facts, situational factors, equipment or devices which need to be considered in the identification of a position for this person? If so, please explain.
   **no repetitive bending**

| 4. Physician's Name (Type or print) | 5. Telephone |
|---|---|
| Emeka Nchekwube | 408 286 0103 |
| 6. Signature | 7. Date |
| | 10/29/03 |

The information requested will assist OWCP in determining eligibility to benefits and is required to obtain or retain a benefit (5 USC 8101 et. seq.)

**Public Burden Statement**

We estimate that it will take an average of 15 minutes per response to complete this information collection including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Office of Workers' Compensation Programs, U.S. Department of Labor, Room S-3229, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

Form OWCP-5c
Rev. July 1987

**DO NOT SEND THE COMPLETED FORM TO THE OFFICE SHOWN ABOVE.**

**ME-OW**

EX II

Labtis Marilyn S
Monday, June 16, 2003 8:38 AM
Lee Stella

.bject:          Performance Progress Review

Stella, FYI
I have discussed details of what I have mentioned to you in this report.
I have also mentioned these issues to the EEO Manager before as I have discussed with you.
Pls let me know what is a good time for you to discuss further today.

Thank you for your consideration in this matter.



Progress Report.doc


**Marilyn S Labtis**
**Tax Specialist**
**Wage & Investment**
**Stakeholder, Partnerships,Education & Communication(SPEC)**
**Telephone (408) 817-6559**
**Fax (408) 817-6124**



## San José State
### UNIVERSITY

**International Programs
and Services**

*Office of International
and Extended Studies*

One Washington Square
San Jose, CA 95192-0221
Voice 408-924-5920
Fax 408-924-5976
E-mail opsp@sjsu.edu
www.sjsu.edu

March 28, 2003

Marilyn S. Labtis
Tax Specialist
Wage and Investment / SPEC, 9th Floor
55 S. Market Street, HQ 6600
San José, CA 95113

Dear Marilyn,

Thank you for agreeing to come to San José State University on Monday,
April 7, 2003 from 3:00 p.m. to 5:00 p.m. to provide income tax filing for our
international student. The location of our workshop will be in Boccardo
Business Center (BBC) building, Room 102.

Enclosed is a campus map along with a parking permit. Please make sure the
parking permit is display in front of your car. The closest parking garage to
BBC building is the 10th Street Parking Garage, which is located on the
corner of 10th and San Fernando Streets. You may park any where on the 2nd
floor onward.

If you should have any questions, please feel free to contact via email at
khimlok@sjsu.edu or by telephone at 408/924-5922. Thank you.

Sincerely,

Khim T. Lok
Office Manager

EX III

# San José State
UNIVERSITY

**International Programs and Services**
One Washington Square, San José, CA 95192-0135

Marilyn S. Labtis
Tax Specialist
Wage and Investment / SPEC, 9th Floor
55 S. Market Street, HQ 6600
San José, CA 95113

EX IV

**Labtis Marilyn S**

| | |
|---|---|
| **From:** | Seibel Louise J |
| **Sent:** | Tuesday, March 11, 2003 11:07 AM |
| **To:** | Labtis Marilyn S |
| **Subject:** | April 4th EITC presentation |

**Importance:** High

Las Plumas Calworks
591 N. King Road
San Jose, Ca.      Bldg. 1650

April 4th 9:30am  EITC   contact
Gary Yanis

Thanks for your help,
Louise J. Seibel
Senior Tax Specialist
San Jose Territory
(408) 817-6558

*[Handwritten notes:]*
101 South
Exit McKee left into McKee
left into King
left into Las Plumas
left 1st DRIVEWAY
BLDG to the R.
Reserve Parking SPEAKER



**Employment Connection** Santa Clara County

Personalized Placement and Retention Services - www.ecstaffing.com

*EITC info*
*n Spanish*

**Frank Ybarra**
Employment Counselor

591 N. King Road, Bldg. 1650-A      **(408) 928-3608**
San Jose, California 95133          (408) 729-5127 fax
ybarraf@ssa.co.santa-clara.ca.us