JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Specially appearing for Defendant
Henry M. Paulson, Jr.,
Secretary, Department of the Treasury

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sado Labtis, ) | Case No. C 07-3333 RS |
|    Plaintiff, ) | **REPLY MEMORANDUM IN SUPPORT** |
| ) | **OF DEFENDANT'S MOTION TO** |
|    v. ) | **DISMISS** |
| ) | |
| Henry M. Paulson, Jr., Secretary, ) | DATE: June 18, 2008 |
| Department of the Treasury, ) | TIME: 9:30 a.m. |
| ) | COURTROOM 4, 5th Floor |
|    Defendant. ) | Honorable Richard Seeborg |

     Much of plaintiff's opposition to defendant's motion discusses why she should be allowed to make a Title VII claim. Though defendant does not concede the validity of such a claim, defendant previously stated that it appeared that plaintiff's Title VII claim could survive a motion to dismiss, though defendant requested that the claim be dismissed with leave to amend so that the amended complaint could comply with the Federal Rules of Civil Procedure and the local rules.

     It also appears that plaintiff asks the Court to allow her to proceed with a claim under the Rehabilitation Act, instead of the Americans With Disabilities Act. Because, as stated in defendant's motion, the Rehabilitation Act provides the sole statutory basis for disability

Case No. C07-3333 RS
REPLY RE MOTION TO DISMISS      1

discrimination claims by federal employees, the Court may wish to give plaintiff leave to file an amended complaint stating a claim under the Rehabilitation Act.

Accordingly, plaintiff's existing complaint and addendum should be dismissed with leave to amend, but the amended complaint should be limited to the potentially appropriate statutory claims – Title VII and the Rehabilitation Act. Plaintiff's other claims should be dismissed without leave to amend.[1]

Plaintiff's opposition provides no real response to defendant's arguments regarding plaintiff's claims for breach of contract, negligence, defamation, or fraud and deceit – intentional misrepresentation. For example, though plaintiff argues that "[s]overeign immunity should not bar plaintiff's intentional tort claims," she provides no authority to counter the arguments on this subject made in defendant's motion. Similarly, with regard to the breach of contract claim, she merely refers to a document that she apparently believes creates a contract right, but provides no authorities that conflict with defendant's argument that federal employment is not based on contract. Finally, plaintiff asserts that she exhausted administrative remedies for tort claim by way of her prior EEO complaints. Her administrative EEO complaints would show exhaustion of administrative remedies for her Title VII claims, not her tort claims. There is no indication that she exhausted administrative remedies under the Federal Tort Claims Act, nor has she provided any argument to counter defendant's authorities that state that one cannot bring extra-statutory claims for federal employment discrimination. Defendant will not repeat the arguments already made which demonstrate that plaintiff's common law claims should be dismissed without leave to amend.

Plaintiff's existing complaint and addendum should be dismissed. Plaintiff should be given leave to amend with regard to her Title VII claims and possibly her disability claims under the Rehabilitation Act, but she should not be allowed to file an amended complaint with regard to her common law claims. Finally, plaintiff's amended complaint should be required to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, as well as Civil Local Rule 10-1.

---

[1] Plaintiff did not contest defendant's argument that no punitive damages can be assessed against the federal government defendant.

**Case No. C07-3333 RS**
**REPLY RE MOTION TO DISMISS**            2

Respectfully submitted,

DATED: June 2, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Claire T. Cormier

_____
CLAIRE T. CORMIER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she is causing a copy of the following:

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___   **PERSONAL SERVICE (BY MESSENGER)**

___   **FACSIMILE (FAX)**  Telephone No.:_____

√   **ELECTRONIC MAIL** to MarilynSL@aol.com

to the party addressed as follows:

Sado Labtis
P. O. Box 2736
Cupertino, CA 95015

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of June, 2008, at San Jose, California.

/s/ Claire T. Cormier
_____
Claire T. Cormier