**\*E-FILED 7/9/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SADO LABTIS,<br><br>        Plaintiff,<br>   v.<br><br>HENRY M. PAULSON, JR., SECRETARY, DEPARTMENT OF THE TREASURY,<br><br>        Defendant._____/ | NO. C 07-3333 RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Sado Labtis is a 50 year-old woman originally from the Philippines who served as a Tax Specialist for the IRS. She brings suit against Henry Paulson, Jr., Secretary of the Treasury, alleging employment discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). She also advances several common law claims. As Labtis' common law and ADA claims are unavailable in suits against a federal employer, these claims will be dismissed with prejudice. Her remaining employment discrimination claims will be dismissed with leave to amend. Finally, as it appears that Labtis has erroneously sued for disability discrimination under the ADA rather than the Rehabilitation Act of 1973 ("RHA"), she will be granted leave to include an RHA claim in her first amended complaint.

## II. BACKGROUND

In October 2002, the IRS hired Labtis as a tax specialist, a position that entailed educational outreach to the community about tax-related matters. In this capacity, she was

required to conduct manual tasks, such as lifting laptop computers and boxes of brochures. As she had previously suffered a back injury, Labtis contends that she requested accommodations that would limit her lifting to less than five pounds but that her IRS managers denied her request in March 2003.

Soon thereafter, Labtis alleges that her managers began subjecting her to disparate treatment, including verbal hostility, heightened scrutiny of her job performance, and assignment to outreach programs targeting only the Filipino community. She contacted her Equal Employment Opportunity ("EEO") manager in April, who requested that she delay filing a formal complaint until after her performance review was issued in June. After receiving an unfavorable evaluation, Labtis filed a comprehensive complaint with the Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination and retaliation.

On June 23, Labtis suffered a workplace injury that placed her on full medical leave through October.[1] While bending down to pick up a laptop bag, she herniated her lower back. Though she was ultimately cleared to return to work in December,[2] the IRS terminated her employment on September 19, citing performance deficiencies.

Labtis exhausted her administrative remedies and received leave from the EEOC to file this civil suit. She seeks relief on several counts. First, she alleges discrimination on the basis of race, national origin, sex (quid pro quo sexual harassment), and disability under Title VII and the ADA. Second, she advances several wrongful and retaliatory discharge claims, stating that the IRS retaliated against her for requesting disability accommodations and for lodging the EEOC complaint; she claims to have suffered adverse employment actions in the form of an unfairly negative performance review and termination.[3] Third, she advances the common law claims of

---

[1] Labtis asserts that this injury was precipitated by the fact that two weeks earlier she strained her back while helping her manager move computers.

[2] In December 2003, the Workers Compensation Center sent the IRS a letter stating that Labtis was medically ready to return to work, recommending her rehire, and outlining the anticipated cost of failure to rehire as $453,445.

[3] Labtis additionally asserts she was wrongfully discharged, as the IRS improperly assigned her to tasks beyond the scope of her position, failed to articulate their performance expectations prior to her June review, then terminated her without an opportunity to improve her performance, as she was on medical leave from the time of her evaluation until her termination.

2

breach of contract, negligence, defamation, fraud, and deceit, all premised upon the argument that her managers breached her contract through termination, failed to properly train and supervise her, and lied about her performance, resulting in her poor evaluation.

Paulson moves to dismiss with prejudice all claims asserted against him under common law theories for lack of subject matter jurisdiction, as well as the ADA claim for failure to state a claim upon which relief may be granted. He additionally moves to strike Labtis' punitive damage claim. Finally, Paulson moves to dismiss with leave to amend the Title VII claims, pursuant to Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.

### III.  LEGAL STANDARDS

Rule 12(b)(1) governs dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court may hear claims against the United States only if it has subject matter jurisdiction, otherwise the court must dismiss them. Fed. R. Civ. P. 12(h)(3). Claims against an agent of the United States, in his or her official capacity, are also deemed claims against the United States. *Balsar v. Dep't of Justice,* 327 F.3d 903, 906 (9th Cir. 2003). To establish that the court has jurisdiction, a plaintiff must show that the government waived sovereign immunity.[4] *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182, 189 (1936); *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998). Federal jurisdiction cannot be presumed or inferred but must be affirmatively and distinctively pled. *Norton v. Larney*, 266 U.S. 511, 515 (1986). In determining whether a case arises under federal law, a court is generally confined to the plaintiff's well-pled complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal

---

[4] Sovereign immunity protects the government and its agencies from lawsuits except where the government has waived it. *Hercules Inc., v. United States*, 516 U.S. 417, 422 (1996); *United States v. Testan*, 424 U.S. 392, 399 (1976).

3

theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

A pleading must contain a short and plain statement of the claim that establishes that the court has jurisdiction over the claim, shows that the pleader is entitled to relief, and demands the relief sought. Rule 10(b) of the Federal Rules of Civil Procedure governs the form of the pleadings and requires that each claim or defense be presented in individual, numbered paragraphs, for clarity and ease of reference.

## IV. DISCUSSION

### A.  Defamation, Fraud, and Deceit

Labtis alleges that her office manager, Tina Armendariz, made fraudulent representations about her work that reached the level of defamation, fraud and deceit. However, under the well-established doctrine of sovereign immunity, the United States is immune from suit unless it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The Federal Tort Claims Act ("FTCA") waives the government's immunity with respect to some common law torts, namely suits for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 2674, 2675(a). Provided that a plaintiff meets certain administrative requirements the United States may be held liable for the acts of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." *Mass. Bonding & Ins. Co. v. United States*, 352 U.S. 128, 129 (1956). At the

same time, the FTCA explicitly declines to waive immunity with respect to some intentional torts, including "[a]ny claim arising out of libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h). As its language explicitly excludes the intentional torts that most closely resemble Labtis' complaint, the Court lacks subject matter jurisdiction and these claims will be dismissed under FRCP 12(b)(1).

B. Negligence

Labtis next alleges that her managers breached a special employer-employee relationship when they failed to accommodate her disability, and were thereby negligent under the common law. Her discrimination claims under Title VII and the RHA preclude her negligence claim, however. In *Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 834 (1976), the Supreme Court held that "[a] precisely drawn, detailed statute [such as Title VII] preempts more general . . . facially applicable remedies." Title VII provides the exclusive judicial remedy for race, color, religion, sex, or national origin discrimination claims in federal employment. *Id.*[5] Moreover, when a federal employee asserts a claim under Title VII, that statute is exclusive of *any other remedy* against not only the federal government, but individual federal employees alleged to have participated in the discrimination. *White v. Gen. Serv. Admin.,* 652 F.2d 913, 916-17 (9th Cir. 1990) ("[A]llowing additional individual remedies would interfere with th[e] carefully devised scheme [of Title VII] by permitting circumvention of administrative remedies."). Thus, to the extent that Labtis' common law claims are products of race, color, religion, sex, or national origin discrimination, they may not be brought separately under state tort or contract law.

Labtis' negligence claim also fails because she has not alleged that she submitted an administrative tort claim to the IRS or Treasury, a necessary precursor to her FTCA claim. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States [under § 2671 *et seq.*] unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified

---

[5] Given that the Rehabilitation Act incorporates the remedies, procedures, and rights of Title VII for application in disability discrimination cases, these exclusivity limitations would also preclude common law claims arising out of disability discrimination being prosecuted under the Rehabilitation Act.

5

or registered mail [or languished for more than six months.]"). In *Burns v. United States,* 764 F.2d 722, 724 (9th Cir. 1985), the Ninth Circuit provided that "the jurisdictional requirement of minimum notice is satisfied by (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Labtis has not alleged that she filed any such administrative law claim. Accordingly, Labtis' negligence claim is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1),[6] as the claim is precluded by her discrimination claims and she has failed to exhaust available administrative remedies.

C.   Breach of Contract

Labtis argues that the IRS breached her contractual rights by failing to rehire her after her injury. Yet, federal employees are not contractual but appointed. *See Riplinger v. United States*, 695 F.2d 1163, 1164 (9th Cir. 1983) ("Federal employees serve by appointment, not by contract."); *see also Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir 1985) ("Absent specific legislation, federal employees derive their benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationships with the government."). Consequently, this claim is dismissed for lack of subject matter jurisdiction.

D.   ADA

---

[6]   Labtis also incorrectly named as a defendant Secretary of the Treasury Paulson, rather than the United States. The FTCA states:

> The remedy against the United States provided by [28 U.S.C. § 2672] . . . is *exclusive of* any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is *precluded* without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1) (emphasis added). While the Act allows the United States to be held liable for the negligence of its employees, it grants individual employees absolute immunity for negligence while acting within the scope of their employment. *United States v. Smith,* 499 U.S. 160, 165 (1991).
   Nevertheless, failure to name the United States as the defendant in a FTCA suit is not always dispositive. Section 2679(d) of the FTCA provides that the Attorney General or the Court may substitute the United States for an individually named employee, once satisfied that the employee was acting in the scope of his employment when the negligence occurred. *See Id.* at 164 n.5.

Labtis also contends that the IRS failed to accommodate her disability and retaliated against her for requesting accommodations, in violation of the ADA. However, the ADA does not provide relief to federal employees. *Powell v. Castaneda*, 390 F. Supp. 2d 1, 11 n.12 (D.D.C. 2005). While the Act states that "no [employer] shall discriminate against a qualified individual with a disability because of the disability [in compensation, training, discharge, or other privileges of employment]," 42 U.S.C. § 12112, the statute specifically excludes the United States as a qualifying employer, *see id.* § 12111(5)(B) ("The term 'employer' does not include the United States."). Therefore, Labtis' ADA claim is dismissed for failure to state a claim upon which relief may be granted.

Nevertheless, Labtis may properly bring her disability discrimination claim under the RHA, which does provide federal employees with a right of action against their employers in disability discrimination suits. 29 U.S.C. § 791 *et seq.* Section 791(b) obligates federal employers to provide reasonable accommodation for the handicapped and to develop and implement affirmative action plans for handicapped employees. *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 412 (9th Cir. 1985). Section 791(g) provides that "[t]he standards used to determine whether this section has been violated in a complaint alleging non-affirmative action employment discrimination . . . shall be the standards applied under title I of the [ADA]." Finally, Section 794a explicitly grants federal employees subjected to disability discrimination a private right of action against the United States and adopts all the same remedies, procedures, and rights available to those alleging Title VII discrimination.[7] Consequently, though Labtis' ADA claim is dismissed

---

[7] Section 794a(a)(1) provides:

> The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of [42 U.S.C. 2000e-5 (f) through (k)] shall be available, with respect to any complaint under [29 U.S.C. § 791], to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

29 U.S.C. § 794a(a)(1).

7

under Rule 12(b)(6), as the defendant acknowledges, Labtis may state a claim under Sections 791 and 794a of the RHA in her amended complaint.

### E.    Title VII and Punitive Damages

Paulson moves to dismiss with leave to amend Labtis' Title VII claims because the pleadings do not comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Despite a good faith effort, the pleadings are not compliant and the claims are dismissed without prejudice. Should Labtis choose to file an amended complaint, she is ordered to limit the pleadings to her Title VII and RHA claims, presented in a short, plain statement and in numbered paragraphs, as required by Rules 8(a) and 10(b). The pleading should also indicate whether Labtis seeks a jury trial in this matter.

Lastly, Paulson moves to strike Labtis' punitive damage claim. Labtis may not claim punitive damages against the federal government under either of the legal theories remaining to her. The United States Code explicitly excludes the federal government, its agencies and political subdivisions from the assessment of punitive damages in Title VII and RHA suits. *See* 42 U.S.C. § 1981a (b)(1). Accordingly, the motion to strike the punitive damage claim is granted.

## V.  CONCLUSION

Labtis' common law breach of contract, negligence, defamation, fraud, and deceit claims are dismissed with prejudice; her employment discrimination claims are dismissed without prejudice; and Paulson's motion to strike Labtis' punitive damage claim is granted. Should Labtis choose to file an amended complaint, she may assert claims under Title VII and the RHA in a manner compliant with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure within twenty (20) days of this order.

IT IS SO ORDERED.

Dated: July 9, 2008

RICHARD SEEBORG
United States Magistrate Judge

8

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Claire T. Cormier    claire.cormier@usdoj.gov

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Sado Labtis
236 B East Red Oak Drive
Sunnyvale, CA 94086

Sado Labtis
P. O. Box 2736
Cupertino, CA 95015

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/9/08**                                    **Richard W. Wieking, Clerk**

                                                     **By:**    **Chambers**