JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
Claire.Cormier@usdoj.gov

Attorneys for Defendant
Henry M. Paulson, Jr.,
Secretary, Department of the Treasury

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sado Labtis,<br><br>    Plaintiff,<br><br>v.<br><br>Henry M. Paulson, Jr., Secretary, Department of the Treasury,<br><br>    Defendant. | Case No. C 07-3333 RS<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendant Henry M. Paulson, Jr., Secretary, Department of the Treasury[1], by and through his counsel, hereby answers and otherwise responds to the "Plaintiff's 1st Amended Complaint on Employment Discrimination – Title VII of the Civil Rights Act of 1964 and Rehabilitation Act of 1973" ("Complaint") as follows. All paragraph references are to the Complaint.[2]

---

[1] The caption of the First Amended Complaint lists the defendant as "U.S." However, defendant presumes that plaintiff intends the defendant to be Secretary Paulson, as stated in plaintiff's original complaint in this action.

[2] Contrary to the Court's previous order in this case, plaintiff generally has not stated her allegations in numbered paragraphs. Therefore, where plaintiff has not identified the paragraphs by number or letter, defendant will refer to them in numerical order within each section identified by plaintiff.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. C07-3333 RS           1

## I. Introduction

¶1  Defendant admits that Plaintiff brings the instant Complaint based upon alleged discrimination under Title VII of the Civil Rights Act of 1964 and/or the Rehabilitation Act of 1973.  To the extent that this paragraph contains factual allegations, they are denied.

## II. Background

¶1  Defendant denies , generally and specifically, each, all, and every factual allegation herein, with the exception that Defendant admits that Plaintiff was hired as a Tax Specialist, GS-5, on or about October 15, 2002, subject to completion of a one year probationary period.

¶2  Defendant denies, generally and specifically, each, all, and every factual allegation herein, with the exception that Defendant admits that Plaintiff emailed an EEO manager on or about April 15, 2003 about general issues of concern.   Defendant raises as an affirmative defense that this contact may not have been sufficient to timely exhaust Plaintiff's administrative remedies with regards to her claims that arose before April 15, 2003.

¶3  Defendant denies, generally and specifically, each, all, and every factual allegation herein.

¶4  Defendant is without knowledge as to what "follow-up report" Plaintiff refers.  Further answering said paragraph, Defendant denies, generally and specifically, each, all, and every factual allegation herein.

¶5  Defendant denies, generally and specifically, each, all, and every factual allegation herein, with the exception that Defendant admits that Plaintiff claimed to have been injured on or about June 23, 2003 when she lifted a laptop computer and that she did not return to work after that date.

¶6  Defendant denies, generally and specifically, each, all, and every factual allegation herein, with the exception that Defendant admits that Plaintiff was issued a performance review on or about June 13, 2003, which Defendant asserts accurately reflected Plaintiff's performance.

¶7  Defendant denies, generally and specifically, each, all, and every factual allegation herein, with the exception that Defendant admits that Plaintiff claimed to have been injured on or about June 23, 2003 when she lifted a laptop computer and that she did not return to work after that date.

¶8 Defendant admits that Plaintiff initially sought EEO counseling on or about September 19, 2003, and that Ofelia Melendez and Sherita Jackson are employed by the Agency as EEO specialists. Defendant also admits that Plaintiff was terminated on or about September 19, 2003. To the extent that this paragraph contains other factual allegations, they are hereby denied.

## I. Legal Standards

**Jurisdiction**

1. Defendant asserts that this section[3] contains jurisdictional information. To the extent that this paragraph contains factual allegations, Defendant denies, generally and specifically, each, all, and every factual allegation herein.

2. Defendant asserts that this section[4] contains jurisdictional information. To the extent that this paragraph contains factual allegations, Defendant denies, generally and specifically, each, all, and every factual allegation herein.

## III. Legal Standards continued

**Venue**

¶1 Defendant agrees that venue is proper in the Northern District of California. To the extent that this paragraph contains factual allegations, they are denied.

## IV. Statement of Complaints

¶1 Defendant denies, generally and specifically, each, all, and every factual allegation herein.

¶2 Defendant denies, generally and specifically, each, all, and every factual allegation herein.

//
//
//

---

[3] This section is found at page 4, line 8 through page 4, line 21 of the Complaint.

[4] This section is found at page 5, line 4 through page 5, line 26 of the Complaint.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. C07-3333 RS                3

## V.   Prayer for Relief

¶1 Deny that Plaintiff is entitled to any of the relief requested.  To the extent that this paragraph can be construed to contain any factual allegations, they are denied.

## VI.   Arguments

A. Defendant denies, generally and specifically, each, all, and every factual allegation herein, except to admit that Plaintiff did in fact pursue an EEO complaint.

B. Defendant denies, generally and specifically, each, all, and every factual allegation herein.

C. Defendant denies, generally and specifically, each, all, and every factual allegation herein.

D. Defendant denies, generally and specifically, each, all, and every factual allegation herein. Defendant further raises as an affirmative defense that he had a legitimate nondiscriminatory reason to terminate Plaintiff in her probationary period and that Plaintiff's termination during her probationary period was effected in accordance with the requisite federal regulations.

E. (1) Defendant denies, generally and specifically, each, all, and every factual allegation herein.  Additionally, Defendant denies the inference that Plaintiff was terminated for disciplinary reasons.  Plaintiff was a probationary employee terminated for failure to successfully complete her probationary period as required for continued employment.

(2) Defendant denies, generally and specifically, each, all, and every factual allegation herein.

(3) Defendant denies, generally and specifically, each, all, and every factual allegation herein.  Additionally, Defendant denies the inference that Plaintiff was terminated as part of a "staff reduction."  Plaintiff was a probationary employee terminated for failure to successfully complete her probationary period as required for continued employment.

## VII.   Conclusion

¶1 Deny that Plaintiff is entitled to the relief requested.  To the extent that this paragraph can be construed to contain any factual allegations, they are denied.

//

//

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. C07-3333 RS                    4

FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she was subjected to a hostile work environment.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of disparate treatment on any of the bases alleged.

FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff could establish a *prima facie* case on any of the bases alleged; all challenged actions were taken for legitimate, non-discriminatory, non-retaliatory and non-pretextual reasons.

SIXTH AFFIRMATIVE DEFENSE

The actions of Defendant were taken for legitimate business reasons.

SEVENTH AFFIRMATIVE DEFENSE

Defendant, while denying any unlawful motive, asserts he would have taken the same action absent discrimination.

EIGHT AFFIRMATIVE DEFENSE

Back pay and front pay are equitable remedies that can be determined only by the court.

NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff requests punitive damages, such damages are unavailable in cases brought against Federal agencies, such as the Department of the Treasury, under Title VII, and under the previous order of the Court in this case. *See* 42 U.S.C. §1981a(b)(1).

//
//
//
//
//

1  **WHEREFORE,** having fully answered all counts of the Complaint, Defendant prays
2  Plaintiff take nothing by way of her Complaint against him, that the same be dismissed, and that
3  judgment be awarded in favor of Defendant, together with costs and such other and further relief
4  as the Court deems appropriate in this case.

5                                          Respectfully submitted,

6  DATED: August 21, 2008                  JOSEPH P. RUSSONIELLO
                                           United States Attorney

7                                          /s/ Claire T. Cormier
8                                          _____
                                           CLAIRE T. CORMIER
9                                          Assistant United States Attorney

**Case No. C07-3333 RS**
**ANSWER TO FIRST AMENDED COMPLAINT**     6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

  √    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

  ____    **PERSONAL SERVICE (BY MESSENGER)**

  ____    **FACSIMILE (FAX)**  Telephone No.:_____

to the party addressed as follows:

Sado Labtis
P. O. Box 2736
Cupertino, CA 95015-2736

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of August, 2008, at San Jose, California.

/s/ Claire T. Cormier
_____
Claire T. Cormier

**Case No. C07-3333 RS**
**ANSWER TO FIRST AMENDED COMPLAINT**      7