UNITED STATES DISTRICT COURT  FILED

NORTHERN DISTRICT OF CALIFORNIA
2008 SEP 12  P 3:43

SAN JOSE DIVISION

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

| | | |
|---|---|---|
| Sado Labtis | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 07-3333 RS |
| | ) | |
| Henry M. Paulson Jr., Secretary | ) | |
| Department of Treasury | ) | |
| | ) | |
| Defendant | ) | **PLAINTIFF'S CASE** |
| | ) | **MANAGEMENT** |
| | ) | **STATEMENT** |
| | ) | |
| | ) | |
| | ) | Date: September 17, 2008 |
| | ) | Time: 2:30 pm |
| | ) | Courtroom 4, 5th Floor |
| | ) | Honorable Richard Seeborg |

Pursuant to Civil Local Rule 16-9,  plaintiff submits the following case management statement.

The plaintiff notes that motion to oppose dismissal of applicable  prayer for relief on corresponding

claims in answer to defendant's recent reply to 1st amended complaint  remains , while the court's

determination on defendant's  motion  is pending. Plaintiff reserves the right to identify additional

or different issues after the Court's determination of that motion.

## 1.    Jurisdiction and Service

There are no counterclaims and no issues exist as to personal jurisdiction or venue.

## 2.    Facts

This is an employment discrimination case that includes Title VII and Rehabilitation

Act. Plaintiff was hired by the Internal Revenue Service as a Tax Specialist on or about October 15, 2002. This is to reiterate in contrast to the statement from the defendant that on or about the week of 6/3/2003, plaintiff was injured at work from heavy lifting of VITA computers, which is before the issuance of alleged pre-textual unsuccessful performance report. The nature of the compensable work injury consisted of gradual disc herniation. And on or about 6/23/2003, plaintiff suffered another incident of work injury while plaintiff was subjected to a hostile work environment, this exacerbated previous injury leading to a medical leave. Please note the occurrence of work injury occurred before the alleged issue of unsuccessful performance report on or about 6/13/2003. This pre-textual performance report was based on distorted information that was never investigated after a timely EEO Complaint which was initiated within the required federal guideline. Please note that James Kinsey, Lead to the Employee E-File project ( assigned to the plaintiff beyond the scope of accepted Tax Specialist job in educational outreach, and rated as pre-textual unsuccessful performance ) made a statement that plaintiff's performance should not be based on the E-file project at all due to the fact that complete training was never provided. "Follow-up" report refers to the plaintiff's expressed intent to pursue the EEO complaint within the federal guideline that was followed by disclosures and reports made to the EEO staff members. On September 19, 2003, while on medical leave due to Plaintiff's work-related injury, termination was made effective. Plaintiff claims that there was failure to provide reasonable accommodation for disabling physical condition, hostility, retaliation, discrimination and that retaliatory termination followed.

### 3.    Legal Issues

Plaintiff's pending motion in opposition to dismissal of applicable prayer for relief describes some of the legal issues in this case.

### 4    Motions

Plaintiff's motion in opposition to dismiss remains , pending the Court's determination on the defendant's  reply, motion to dismiss including part of the Prayer for Relief. Plaintiff maintains opposition to dismissal in favor of the Defendant together with costs (in answer to defendant's reply), due to the facts of this case and declarations from key witnesses to the case -

while the Court's determination is pending. Plaintiff reaffirms that it is equitable to be awarded back pay and front pay including $453, 445.00  cost avoidance stated in the job offer reinstatement  from the IRS Chief, Worker's Compensation Center in Washington D.C. for failure to reinstate. And employer to pay front pay – compensation for future earnings lost, plaintiff's court costs and legal fees,  favorable employment recommendation and all benefits including healthcare, retirement benefits, vacation and sick pay.

### 5  Amendment of Pleadings

Plaintiff has filed the applicable complaints on Title VII and the Rehabilitation Act.

### 6. Evidence Preservation

Plaintiff has taken steps to preserve relevant evidence. The parties are unaware at this time of any document destruction program or of erasures of any electronically recorded material relevant to the issues herein.

7.    **Disclosures**

Plaintiff p roposes t hat f urther d isclosures b e d elayed u ntil a fter  a d ecision o n t he

motions so that the parties can determine what issues will remain in the case.

8.    **Discovery**

Plaintiff believes tremendous loss has been endured for a prolonged period of time:

financial, emotional distress and physically disabling low-back condition,  above-all for

all that this case has brought. Facts of the case have been investigated including

plaintiff's affidavit and written evidence via e-mail to the agency which was presented

in a timely manner. Plaintiff proposes to the Court and the Defendant  that an Officer

of the Court should then be assigned( as originally requested) to assist the Plaintiff,  if

the case requires further depositions  or discovery before settlement,  in order to

facilitate completion of  technical aspects in the case in line with the Federal Rules of

Civil Procedure.

9.    **Class Actions.**

This case is not a class action.

10.    **Related Cases**

Plaintiff is not aware of any related cases.

11.    **Relief**

As  stated  in  the  original  complaint,  addendum  and  motions       including  case

management statement that is being  submitted  by the plaintiff.

12.    **Settlement and ADR**

Plaintiff is agreeable to a settlement conference with a Magistrate Judge.

**13. Consent to Magistrate Judge for all Purposes**

**Plaintiff has consented to proceedings before a magistrate judge.**

**14.    Other References**

**Plaintiff defers to the Court for what is appropriate.**

**15.    Narrowing of Issues**

**Plaintiff anticipates that the issues could possibly be narrowed in this case , but not to dismiss Title VII and the Rehabilitation Act, particularly the issue on Medical Coverage and the need for continued rehabilitation on a federal compensable injury. Plaintiff notes that the U.S. Department of Labor terminated all benefits with the understanding that Plaintiff should have been reinstated with compensation and health coverage in order to continue the rehabilitation process for a federal compensable injury.**

**16.    Expedited Schedule**

**Plaintiff proposes for expedited schedule to Defendant and the Court as deemed appropriate to the settlement of the case .**

**17.    Scheduling**

**Plaintiff has already narrowed down the issues to reflect amended complaint on limited issues with the response motion submitted by the Plaintiff. This is confirmed by the Defendant in the recent reply pending the Court's determination.**

**18.    Trial**

**Plaintiff proposes the least number of court days to settle the case and minimize costs, prolonged agony, pain and suffering from the case.**

**19.    Disclosure of Non-party Interested Entities or Persons**

**While the parties have not filed a " Certification of Interested Entities or Persons, " Plaintiff is not aware of any nonparties with a financial interest in this action, or any other kind of interest that could be substantially affected by the outcome of the proceeding.**

**20.    Other Matters**

**At this time, plaintiff is not aware of any other matters that may hinder to facilitate the just, speedy and inexpensive disposition of this matter. To facilitate the settlement of the case,  plaintiff is open to the possibility of having an attorney to be assigned to assist in the technical aspect of legal proceedings during a hearing in court or in  a deposition as appropriate.**

**DATED:  September 8, 2008**              **Respectfully submitted,**

**M. Sado Labtis**

**CERTIFICATE OF SERVICE**
I certify that the attached document : Plaintiff's  Case Management Statement  was  sent by mail to
the district office in which the action is brought  and as follows unless otherwise indicated below.


U.S. District  Court
Northern District  of California
280 South 1ˢᵗ Street, Room 2112
San Jose, CA  95113


Henry M. Paulson Jr.
Secretary
Department of the Treasury
1500 Pennsylvania Avenue NW
Washington D. C. 20220


Attorney General Michael Mucasey
U.S. Attorney General's Office
950 Pennsylvania Avenue NW
Washington D.C. 20530-0001


Claire  T. Cormier
Assistant United States Attorney
U. S.  Department of Justice
Northern District of California
150  Almaden  Blvd.
Suite 900
San Jose, CA 95113-2009


9/10/ 2008
_____

/s/ M. Pumphrey