JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
Claire.Cormier@usdoj.gov

Attorneys for Defendant
Timothy Geithner,
Secretary, Department of the Treasury

*E-Filed 5/5/09*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sado Labtis,<br><br>    Plaintiff,<br><br>v.<br><br>Timothy Geithner, Secretary, Department of the Treasury,<br><br>    Defendant. | Case No. C 07-3333 RS<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

    IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Sado Labtis, also known as Marilyn Sado Labtis, ("plaintiff" or "Ms. Labtis") and defendant Timothy Geithner, Secretary, Department of the Treasury (hereinafter the "Federal Defendant"), as follows:

    1.    The parties do hereby agree to settle, compromise and dismiss the above-captioned case, *Sado Labtis v. Timothy Geithner, Secretary, Department of the Treasury*, Case No. C 07-3333 RS, under the terms and conditions set forth herein.

    2.    The effective date of this Agreement (Agreement Effective Date) is the date on which all Parties to this Agreement have signed and dated the Agreement.

3. In full satisfaction of all claims against the Federal Defendant, the Federal Defendant will provide Ms. Labtis with the consideration described in paragraph 8, below.

4. The plaintiff and her heirs, executors, administrators, assigns and attorneys hereby agree to accept the consideration in full and final settlement and satisfaction of the claims raised in the above-entitled action under the terms and conditions set forth herein.

5. Neither plaintiff nor any of her present or former attorneys may make any additional claim for attorney's fees or other costs against the Federal Defendant, the United States, their agents, servants, or employees.

6. In return for the consideration described in paragraph 8, below, Ms. Labtis agrees that she will immediately, upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted or any claims that could have been asserted in the above-captioned case. The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by plaintiff of the corrected Official Personnel File for Marilyn Sado Labtis.

7. Plaintiff Labtis hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to the complaint, including all claims Ms. Labtis could have asserted regarding Ms. Labtis's employment with the Federal Defendant.

8. As consideration to plaintiff, the Federal Defendant will cause the Form SF-50, Notification of Personnel Action, in plaintiff's Official Personnel File to be replaced with a substitute Form SF-50, effective as of the date of plaintiff's termination of employment with the Internal Revenue Service, reflecting that plaintiff voluntarily resigned her employment with the Internal Revenue Service. Plaintiff Labtis will be provided with a copy of the replacement Form SF-50.

//

//

9. Plaintiff may, at plaintiff's option, provide a letter to the Internal Revenue Service describing plaintiff's complaints and grievances regarding her previous employment with the Internal Revenue Service. If plaintiff wishes to provide such a letter, it may be sent to:

> Ronda Hon
> Area Director, Stakeholder Partnerships, Education and Communication
> Internal Revenue Service
> 5045 E. Butler Avenue
> Fresno, CA 93727-5136

10. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her settlement counsel, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's injury and the liability of the Federal Defendant, or the Federal Defendant's agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

11. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability, fault, wrong-doing, or violation of law, rules or regulations on the part of the Federal Defendant or his agents, servants, or employees.

12. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

13. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

14. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and

understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

15. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

16. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

17. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

18. The parties agree to accept facsimile transmission signatures as though they were original signatures on this document.

19. The signatories to this agreement have actual authority to bind the parties.

**For the Federal Defendant:**

DATED: May 4, 2009

JOSEPH P. RUSSONIELLO
United States Attorney

_/s/ Claire T. Cormier_
CLAIRE T. CORMIER
Assistant United States Attorney

**For Plaintiff:**

DATED: April ___, 2009

_____
SADO LABTIS
Plaintiff

Case No. C07-3333 RS
STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER
4

1  understand all of the terms of the agreement and the legal consequences thereof. It is further
2  acknowledged that the parties have mutually participated in the drafting of this agreement and it
3  is agreed that no provision herein shall be construed against any party hereto by virtue of the
4  drafting of this agreement.

5      15.   If any provision of this agreement shall be held invalid, illegal, or unenforceable,
6  the validity, legality, and enforceability of the remaining provisions shall not in any way be
7  affected or impaired thereby.

8      16.   This instrument shall constitute the entire agreement between the parties, and it is
9  expressly understood and agreed that this agreement has been freely and voluntarily entered into
10 by the parties hereto with the advice of counsel, who have explained the legal effect of this
11 agreement. The parties further acknowledge that no warranties or representations have been made
12 on any subject other than as set forth in this agreement.

13     17.   This agreement may not be altered, modified or otherwise changed in any respect
14 except in writing, duly executed by all of the parties or their authorized representatives.

15     18.   The parties agree to accept facsimile transmission signatures as though they were
16 original signatures on this document.

17     19.   The signatories to this agreement have actual authority to bind the parties.

**For the Federal Defendant:**

DATED: April ___, 2009                    JOSEPH P. RUSSONIELLO
                                       United States Attorney

                                       CLAIRE T. CORMIER
                                       Assistant United States Attorney

**For Plaintiff:**

DATED: April 24, 2009                      */s/ Sado Labtis*
                                       SADO LABTIS
                                       Plaintiff

Approved as to Form:

DATED: ~~April~~ May 4, 2009                    ORRICK, HERRINGTON & SUTCLIFFE

*Danielle VanWert*
DANIELLE VAN WERT
Settlement Counsel for Plaintiff

### [~~PROPOSED~~] ORDER

PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,

APPROVED AND SO ORDERED:

DATED: May 5, 2009

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE